UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| STEFFIAN BRADLEY LIMITED | ) | Case No. 19-11235-JNF |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING PUBLIC AUCTION SALE OF TWO AUTOMOBILES CONSTITUTING ESTATE PROPERTY**
**[Expedited Approval of Sale Notice Requested]**

Lynne F. Riley, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of debtor Steffian Bradley Limited (the "Debtor"), hereby moves this Court pursuant to Section 363(b) of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1, for entry of an order authorizing her to conduct a public auction sale of two automobiles constituting Estate property, including a 2012 Volvo S60 (the "Volvo")[1] and a 2014 Toyota Venza (the "Toyota"[2] and together with the Volvo, the "Vehicles"). Concurrently herewith, the Trustee has filed a motion seeking authority to employ Paul E. Saperstein Co., Inc. (the "Auctioneer") to conduct a public auction of the Vehicles. The Trustee in consultation with the Auctioneer has determined that a public auction sale (the "Public Auction") is the best way to obtain the highest and best price for the Vehicles, and currently intends to conduct the Public Auction on Thursday, June 13, 2019. *The Trustee seeks approval on an expedited basis without a hearing pursuant to MLBR 9013-1(e) and (g)(1)(B) of the form of Notice of Intended Public Auction sale and the date of the Public Auction, setting a date for hearing on*

---

[1] VIN #YV1RH592272624215
[2] VIN #4T3BA3BB5EU055682

***this Motion ahead of the Public Auction, and appropriate deadlines for objections to the sale or other responses to the Motion***. In further support of this Application, the Trustee states as follows:

## **Background**

1.  The Debtor filed its Chapter 7 petition on April 12, 2019, and the Trustee was appointed on April 15, 2019. The Debtor is a Boston architectural firm that at the time of ceasing business operations shortly before its bankruptcy filing had over 100 projects in process, many of which involve ongoing building construction or renovation.

2.  Since her appointment, the Trustee and her counsel have undertaken an initial evaluation of the Debtor's assets, liabilities, and former business operations. The Trustee has not operated, and will not seek authority to operate, the business formerly conducted by the Debtor. Consequently, the Trustee seeks to liquidate Estate property having expected value to the Estate above the expected costs of liquidation. To that end, the Trustee concurrently herewith has filed a motion seeking authority to employ the Auctioneer (i) to assist the Trustee's evaluation of Estate property value and liquidation costs, (ii) to assist the Trustee's preservation and safekeeping of Estate property pending its sale or other disposition, and (iii) to conduct one or more auction sales of Estate property pursuant to one or more Sale Motions. Among the reasons the Trustee seeks to employ the Auctioneer is the Auctioneer's substantial experience in selling assets such as the Vehicles, as well as its ability to arrange for possession, transportation, and storage of the Vehicles in a bonded, secure location.

3. On April 23, 2019, the Auctioneer arranged for the towing of the Vehicles from the Debtor's Boston office and their storage pending a determination regarding their sale or other disposition.

4. The Debtor's schedules of assets and liabilities disclose the "Kelly Blue Book" value of the Volvo as $5,200 and the Toyota as $13,300. [Doc. No. 28, at p. 4] Based on the certificates of title in her possession, the Trustee believes that the Vehicles are unencumbered by any valid, perfected lien or security interest. Neither of the two secured creditors that the Debtor has scheduled as holding "all asset liens" (Eastern Bank and Massachusetts Capital Resource Company [Doc. No. 28, at p. 9]) are listed on the certificates of title as holding an interest in either Vehicle, as would be necessary to perfect a security interest in the Vehicles under Massachusetts law.

**Proposed Public Auction Notice and Terms**

5. Pursuant to Section 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004, and MLBR 6004-1, the Trustee requests authorization to conduct the Public Auction sale of the Vehicles.

6. The Trustee believes that the Vehicles have value and will attract a significant number of interested bidders. Upon consultation with the Auctioneer, the Trustee has determined to conduct a Public Auction sale on Thursday, June 13, 2019 at the Auctioneer's Holbrook, Massachusetts location. This date was selected to give the Auctioneer sufficient time to market the Vehicles and generate interest in the Public Auction. The Auctioneer's facility will accommodate the Auction Sale, providing indoor and outdoor space to display the Vehicles, and for the Vehicles to be auctioned off in turn.

7. The Trustee proposes that the Public Auction of the Vehicles shall occur on the terms and conditions set forth in this motion and in the proposed *Notice of Intended Public Auction Sale of Personal Property* (the "Sale Notice") filed contemporaneously herewith and attached hereto as <u>Exhibit A</u>.[3]

8. The Trustee seeks approval of the following additional terms of the Public Auction sale:

   a. The Trustee reserves the right prior to the Public Auction to enter into an agreement for the disposition of any one or more of the Vehicles and to sell individual Vehicles by private sale subject to Court approval.

   b. The Trustee reserves the right to reject, in her sole discretion, any and all bids for all or a portion of the Vehicles.

   c. The Trustee may, in her sole discretion, offer the Vehicles for sale in the entirety, in lots of various combinations, and in individual lots.

   d. To the extent that the Trustee does not consummate a sale to highest bidder for any one or more of the Vehicles for any reason, the Trustee may sell such Vehicle(s) to the second highest bidder(s) for the Vehicles in her discretion.

   e. The Trustee, in consultation with the Auctioneer, at or before the Public Auction, may impose such other and additional terms and conditions as she determines to be in the best interests of the Trustee, the estate, its creditors and other parties in interest.

   f. Additional terms may be announced by the Auctioneer at the time of the Public Auction.

   g. The Court may modify the method of sale set forth herein at or prior to the hearing on the proposed sale.

---

[3] After obtaining dates for a hearing on this Motion, and a deadline for responses thereto, the Trustee will serve the Sale Notice as proposed herein.

### Sale Free and Clear of Liens, Claims, and Encumbrances

9. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee seeks authority to sell the Vehicles free and clear of all liens, claims, and encumbrances, with any and all such liens, claims, and encumbrances to attach to the proceeds of sale of a particular Vehicle with the same validity, priority and enforceability as existed prior to its sale. As noted, the Trustee believes that no entity holds a valid and perfected lien or security interest in either Vehicle.

### Proposed Compensation to the Auctioneer

10. For the Auctioneer's conduct of the Public Auction and related services, the Trustee and the Auctioneer have agreed to the following compensation and expense reimbursement, which is consistent with MLBR 6004(d)(8)(B):

   a. For any of the Vehicles sold by Public Auction, the Auctioneer will request compensation that will not exceed 10% of the first $100,000 or part thereof realized from the Public Auction of the Vehicles; 4% of the next $400,000 or part thereof; and 3% of the balance, excluding expenses and labor.

   b. If any of the Vehicles are sold by private sale, then the Auctioneer will request compensation that will not exceed 4% of the sale proceeds.

   c. For any sale, the Auctioneer will also be paid for labor engaged in set-up, staging, and related needs, at a rate of $200 per person per day.

   d. The Auctioneer will be paid or reimbursed for (i) actual towing charges not to exceed $400 for both Vehicles and (ii) storage and insurance at the rate of $8.00 per day per Vehicle, not to exceed an aggregate $300 per Vehicle for all storage and insurance charges.

   e. The Auctioneer will be reimbursed at cost for the expenses of appropriate advertising of the Vehicles and the Public Auction, including through media and internet publication of sale notices and/or through mailing and e-mailing of sale

notices to targeted prospective bidders. The Auctioneer anticipates that advertising costs will not exceed $1,000.

11. For the convenience of potential bidders and to encourage maximum participation in the Public Auction, the Auctioneer intends to accept credit card payments from potential purchasers, subject to the addition of a four percent (4%) processing fee added to the high bid of any bidder paying by credit card. This fee is designed to reimburse the Auctioneer for its out-of-pocket costs incurred in accepting credit card payments. The Auctioneer customarily charges this credit card fee when accepting credit card payments at auctions such as the one proposed herein, and as such, based upon her consultation with the Auctioneer, the Trustee believes that the additional fee added to the high bid will not deter any bidders.

12. Upon completion of the sale, the Auctioneer will submit an application seeking compensation for services rendered and reimbursement of expenses incurred in connection with the sale of the Vehicles, including an itemization of costs.[4] The Auctioneer understands that compensation and expense reimbursement is subject to Court approval.

13. These compensation terms are consistent with the compensation provisions of MLBR 6004(d)(8)(B), and should be approved.

## Notice

14. This Motion and the proposed Sale Notice have been served upon the United States Trustee, counsel to the Debtor , all parties who may assert an interest in any Vehicle (including Eastern Bank and Massachusetts Capital Resource Company), and all parties who have requested notice in this case (the "Notice Parties"). Once the Trustee has been provided with an objection

---

[4] The Auctioneer will include in its application a request for reimbursement of the towing and storage charges outlined above.

deadline and a hearing date, the Sale Notice will be completed and served upon the Notice Parties and all parties that have been identified by the Trustee as potential bidders for the Vehicles.

### Conclusion

WHEREFORE, for the reasons set forth above, the Trustee requests that this Court: (i) grant the interim relief sought by this Motion, on an expedited basis without hearing, by approving the form of the Sale Notice attached as <u>Exhibit A</u> and by setting dates for the hearing on this Motion and for the deadline for the filing of any objections to this Motion, which dates will be inserted into the Sale Notice before its service and publication; and (ii) enter an order granting this Motion, approving the sale of the Vehicles free and clear of liens, claims, and encumbrances, with such liens, claims, and encumbrances (if any) to attach to the proceeds of the relevant Vehicle. A proposed order granting the final, substantive relief sought by this Motion is attached as <u>Exhibit B</u>.

Dated: May 6, 2019

Lynne F. Riley, Chapter 7 Trustee
By her attorneys,

*/s/ A. Davis Whitesell*
Lynne F. Riley, BBO# 561965
A. Davis Whitesell, BBO# 551462
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Tel: 617-426-5900
Email: whitesell@casneredwards.com

## **CERTIFICATE OF SERVICE**

      I, A. Davis Whitesell, hereby certify that on this 6th day of May 2019, I caused the foregoing ***Chapter 7 Trustee's Motion for Order Authorizing Public Auction Sale of Two Automobiles Constituting Estate Property*** to be served via the Court's ECF system on all registered users in this case, including counsel to each of the United States Trustee, the Debtor, and Eastern Bank, and  by U.S. first class mail to the following entities at their listed addresses:

Massachusetts Capital Resource Company
Attn:  Legal Dept.
420 Boylston Street
Boston, MA 02116

Kevin J McEleney
Updike, Kelly & Spellacy, P.C.
100 Pearl Street
P.O. Box 231277
Hartford, CT 06123-1277

Dated:  May 6, 2019                                 */s/ A. Davis Whitesell*
                                                                     A. Davis Whitesell, BBO# 551462
                                                                     Casner & Edwards, LLP
                                                                     303 Congress Street
                                                                     Boston, MA 02210
                                                                     Tel: 617-426-5900
                                                                     Email: whitesell@casneredwards.com